# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2010

No. 09-60588
Summary Calendar

Lyle W. Cayce
Clerk

ABRAHAM NOSA OSAGIEDE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 441 895

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Abraham Nosa Osagiede, a native and citizen of Nigeria, has filed a petition for review of the Board of Immigration Appeals (BIA) dismissal of his appeal of the immigration judges (IJ's) denial of his application for withholding of removal and relief under the Convention Against Torture (CAT).

Osagiede argues that his deportation proceedings were fundamentally unfair and thus violated his right to due process because the failure of the Government to adjudicate his pending visa petition prevented him from seeking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment of status. However, because Osagiede has not exhausted this issue by raising it before the BIA, this court's consideration of the issue is jurisdictionally barred. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Osagiede also has abandoned his argument before the BIA that his appeal should be held in abeyance until his appeal of his visa petition is resolved. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Additionally, Osagiede argues that the BIA erred in affirming the IJ's denial of withholding of removal and that he was entitled to withholding because he was subjected to government persecution based on his political views. However, Osagiede has not shown that any past persecution was on account of his political views or that there was a clear probability that he would be persecuted on account of his political views upon his return to Nigeria. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). Accordingly, the evidence does not compel a conclusion contrary to that of the BIA and IJ. *See Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

PETITION DENIED.